LAW OFFICE OF THOMAS R. ASHLEY, ESQ.
50 Park Place, Suite 1400
Newark, N.J. 07102
(973)623-0501/Fax (973)623-0329
ATTORNEY ID: 242391967
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------X

UCHACHI IKE

        Plaintiff,

V.

CASE No. 2:16-CV- 09057

BOARD OF EDUCATION, SOUTH
SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT;
NICOLE DUFAULT, individual and in her
official capacity;
JOHN DOES No. 1 to No. 10 (gender
neutral person(s) whose true identity
is presently unknown to plaintiff),
    Individually and in Their
    Respective Official capacities,
    Jointly and Severally,
    Defendants.

---------------------------------------X

COMPLAINT AND JURY DEMAND

    UCHACHI IKE complains of the defendants by and through his

attorney, THOMAS R. ASHLEY, ESQ., to redress his civil and legal

rights, and allege as follows:

PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiffs seek relief

    and damages for the defendants' violations of their rights

    secured by 28 U.S.C §§ 1331, 1343 and 1367, 20 U.S.C. §

    1681

    (a) *et seq.* ("Title IX of the Education Amendments of 1972"

1

or "Title IX"), 42 U.S.C. §  2000d, 42 U.S.C. §§  1983, 1988

and by the laws and Constitution of the United States and the State of New Jersey.

2.    Plaintiffs each seek $1,000,000 in compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3. This action is brought pursuant to Title IX of the Education Amendments of 1972, 42 U.S.C. § 2000d, 42 U.S.C. §§ 1983, 1988, New Jersey Law Against Discrimination, Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990, and the Constitutions of the United States and the State of New Jersey.

4.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's Title IX and civil rights.

5.    Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6.    Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that the Defendants, and each of them, are

administratively located, reside in or are employed within the District of New Jersey, and the events giving rise to this claim occurred within the boundaries of the District of New Jersey.

<u>JURY TRIAL DEMANDED</u>

7.    Plaintiffs demand a trial by jury on each and every one of the claims as pleaded herein.

<u>PARTIES</u>

8.    At all times relevant to this action, Plaintiff UCHACHI IKE was a resident of the County of Essex, State of New Jersey. Plaintiff is a black male who suffers from a learning disability.

9.    At all times relevant to this action, UCHACHI IKE was a student enrolled and attending classes at Columbia High School, located in Maplewood, New Jersey.

10.    Upon information and belief, Columbia High School ("Columbia") is an educational entity and institution that is owned, operated, managed and administered by defendant BOARD OF EDUCATION, SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT ("District").

11.    Upon information and belief, defendant BOARD OF EDUCATION, SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT ("District") is a public body corporate, and the entity that operates Columbia located within the geographic confines of Essex County, New Jersey which is the subject of this lawsuit.

12.    The District is charged at law with the duty to control,

3

organize and administer public schools in South Orange and
Maplewood, New Jersey including Columbia, and is responsible
for the operation and administration of all schools within
its jurisdiction in conformity with those rules and standards
prescribed by law.

13. Upon information and belief, the District receives federal
funding and financial assistance within the meaning of 20
U.S.C. § 1681(a) and is otherwise subject to Title IX and
Title VI.

14. At all times relevant to this action, Defendant Nicole
Dufault ("Dufault") was an employee of the District employed
as a teacher at Columbia.

15. Defendant District assumes the risks incidental to the
employment and maintenance of the District's agents, servants
and employees, including but not limited to Dufault.

16. Defendants JOHN DOE No. 1 to No. 10 (collectively "Doe"),
name being gender neutral and fictitious whose true identity
is presently unknown to Plaintiffs, at all times relevant
herein are and were employed by the District, as either
employees, agents, servants, or sub-contractors, and involved
in the actions and conduct hereinafter described.

17. Defendant District was at all times relevant the employer of
Dufault.

18. The term "District" collectively refers to the defendants
District and Board.

19. At all times relevant herein, the individual defendants

4

were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the District, in the course and scope of their duties and functions as agents, servants, and employees of Defendant District, were acting for, and on behalf of, and with the power and authority vested in them by the District and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued and judgment sought individually and in their respective official capacities.

20.   By the conduct, acts, and omissions complained of herein, Defendants, and each of them, violated clearly established standards under Title IX, Title VI, and the Constitution of the United States and the New Jersey Law Against Discrimination.

<u>NOTICE OF TORT CLAIM</u>

21.   Plaintiffs timely filed a Notice of Tort Claim with the named defendants setting forth the facts underlying Plaintiffs' tort claim against defendants.

22.   To date, no answer has been received by Plaintiffs and no compensation has been offered by any Defendant in response to the notice of tort claim.

23.   This action has been commenced within two years of the date of occurrence of the events giving rise to this Complaint, or no later than within two years of the minor plaintiffs having

reached and attained the age of majority.

## STATEMENT OF FACTS

24. From approximately 2005 through 2014 Dufault was employed by the District as a language arts teacher at Columbia High School ("relevant period").

25. Plaintiff UCHACHI IKE was a minor child and an enrolled student at Columbia High School ("Columbia") at the time of the pertinent events of sexual harassment, assault and abuse that commenced on or about August 01, 2014, continuing for approximately two months from that date, as more specifically detailed herein.

26. Prior to the events at issue in this Complaint, when Plaintiff UCHACHI IKE was first admitted to Columbia, the administrators and teachers of Columbia and the District were fully advised and fully aware that he: (a) was intellectually disabled, (b) had social communication difficulties, and (c) based on the totality of his medical and developmental conditions, had an academic and social developmental level that lagged his chronological age.

27. Prior to the events at issue in this Complaint, the administrators and teachers of Columbia and the School·District UCHACHI IKE's cognitive and social developmental difficulties included difficulty in speaking up for himself and that he was susceptible to undue influence from adults; therefore, Defendants could not presume he could be an effective advocate for his own safety. As such,

Columbia and the District were on actual notice that UCHACHI IKE was specifically vulnerable to sexual abuse and harassment, as well as the fact that developmentally-delayed children are, statistically, substantially more likely to be subjected to sexual abuse than their non-disabled peers, thus requiring specialized intervention following any report of sexual harassment or abuse in order to discover all pertinent facts of the nature and extent of the abuse suffered.

28. During the relevant period Dufault engaged in oral sex and vaginal intercourse with UCHACHI IKE, with such illegal and unlawful acts occurring on both Columbia grounds and in Dufault's auto and witnessed by other Columbia students who were present.

29. The said actions against UCHACHI IKE perpetrated by Dufault constituted pedophilia, sexual molestation, abuse and assault, sexual discrimination, harassment, abuse and violence based on his gender and disability and race within the meaning of Titles IX and VI, contrary to and in violation of the 14th .Amendment and the Constitution of the United States and the New Jersey Law Against Discrimination.

30. During the relevant period the District received communications and information tantamount to an allegation that Dufault had undertaken and was engaging in inappropriate conduct, behavior and activities with several Columbia students, including but not limited to UCHACHI IKE. The District was duty bound and legally obligated to investigate

7

any reports of alleged misconduct and inappropriate activity between a teacher and a student.

31. The District negligently and recklessly failed to investigate the misconduct and inappropriate activity reported with respect to Dufault, thereby failing to take adequate steps to insure the safety of students within their charge.

32. Through recklessly and negligently failing to investigate, the District tolerated and implicitly condoned, and indeed promoted such inactivity, and created an atmosphere of fear and sexual harassment to which UCHACHI IKE was subjected to by Dufault.

33. Further, as a result of the complaints which they failed to investigate, the District had actual and constructive notice that Dufault had sexually assaulted UCHACHI IKE and thereby were placed on notice that Dufault was likely to sexually assault other Columbia students.

34. Plaintiff UCHACHI IKE was a victim of sexual violence and discriminatory treatment based his gender, race, and disability. Dufault targeted plaintiff and other similarly situated disabled black male students and subjected them to sexual harassment and assault. As result of Dufault's actions, plaintiff was unfairly discriminated against and denied the full benefit of his education and otherwise discriminated against in violation of his civil rights.

35. Plaintiff had a right under Title IX not to be subjected to

sexual violence, sexual assault, sexual discrimination, sexual harassment, and sexual abuse while he attended Columbia and had the right not to be subjected to retaliation for complaining about same.

36. At all times material hereto, District and Columbia officials, employees and/or agents with authority to institute corrective and preventive measures, had actual and constructive notice that plaintiff had been, and was continuing to be, sexually abused and harassed by Dufault during the relevant period.

37. At all times material hereto, defendants District, and the employees and/or agents had actual notice that the Dufault had sexually abused and assaulted and harassed plaintiff.

38. All Defendants breached the aforesaid non-delegable Title IX and VI duties.

39. At all times material hereto, Defendants District, their officials, employees and/or agents had actual and constructive notice that allowing ongoing exposure of Plaintiff to Dufault would result in a sexually harassing environment and inflict substantial mental health harm on plaintiff.

40. The sexual abuse and harassment suffered by said Plaintiff were sufficiently serious to limit, impede, frustrate and/or deny plaintiff the ability to participate in or benefit from the school's educational and athletic opportunities and benefits.

41.   Had defendant District disciplined and discharged Dufault, this assault on UCHACHI IKE and others similarly situated would not have occurred.

42.   As a result of the deliberate, reckless and/or negligent indifference of defendant District, the plaintiff UCHACHI IKE was denied equal protection of the law based on his gender, race and disability in violation of both federal and state law.

43.   These acts and omissions by employees and supervisory personnel of the School DISTRICT, pursuant to policies, practices and customs which are well known and widely practiced, constitute acts under the color of law, within the meaning of 42 U.S.C. §§ 1983 and 1988, which have deprived plaintiff, of statutory and constitutional rights and privileges including, without limitation, the rights under the New Jersey Constitution (§ IV, i 1) that the "Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years," which guarantees education under conditions of all pupils to engage fully in learning without threats to their sense of security or self-esteem.

44.   Defendant DISTRICT, in its operation of Columbia, is an educational institution as defined by 20 U.S.C. §1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX").

45.  Defendant District receives federal financial assistance, through a variety of educational programs. As a result, even if it were not obliged to do so under state law, the DISTRICT was required to adopt and implement sexual assault and anti-discrimination policies pursuant to and under Titles IX and VI.

46.  Plaintiff UCHACHI IKE suffered extraordinary and permanent harm due to the repeated sexually harassing conduct of and sexual assaults by Dufault, and the sexually hostile environment created by defendants at Columbia, of which each defendant knew, or should have known, and failed to correct.

47.  Defendant District failed to take appropriate actions to protect plaintiff UCHACHI IKE and others from sexual harassment and sexual assault within Columbia, after having actual and constructive notice of the harassment, all in violation of Title IX and in violation of rights guaranteed by the United States and New Jersey constitutions, statutes, laws and regulations.

48.  Defendant DISTRICT knew, or through the exercise of a reasonably prudent investigation should have known, about the specific misconduct and sexual harassment committed by Dufault as early as 2001, and were deliberately and/or negligently indifferent to this misconduct, all to the harm and continuing exposure of plaintiff UCHACHI IKE to a sexually hostile and threatening educational environment.

49.  Alternatively, defendant DISTRICT should have been aware of

the misconduct and sexual harassment/assaults committed by Dufault due to its pervasive nature, and Dufault's prior history of committing such acts. The Defendant school officials further should have investigated and properly screened Dufault prior to hiring her.

50. Defendants, through their actions and inactions described herein, and through a pattern of deliberate and/or negligent indifference, created and permitted quid pro quo sexual harassment and a severe, pervasive and persistent sexually hostile educational environment in violation of Title IX of the Education Amendments of 1972 and Title VI.

51. Defendants District violated the requirements of Titles IX and VI by the following acts and omissions, all of which were conducted, and/or failed to be conducted, in reckless, negligent and deliberate indifference to the rights of plaintiff UCHACHI IKE guaranteed by Titles IX and VI in reckless, negligent and deliberate indifference to the risk of harm posed to each plaintiff:

      a. allowing Dufault's employment to continue without investigation after receipt of reports and information alleging and/or suggesting Dufault was engaged in inappropriate and/or improper conduct with Columbia students on and off school grounds;

      b. failing to communicate to students and

their parents the identity of the Title

IX coordinator, as required by 34 C.F.R.

Sect. 106.8(a);

c.    failing to adopt and publish appropriate

grievance procedures for the prompt and

equitable resolution of sexual

harassment and sex discrimination

complaints in violation of Title IX;

d.    failing to disseminate an appropriate

policy against sexual harassment;

e.    discouraging students and their parents

from complaining about the sexual acts

and harassment by defendant Dufault

within the District;

f.    actively disregarding known sexual

harassment of which defendants knew, or

should have known, based upon complaints

of students and staff at Columbia;

g.    failing to take immediate and appropriate

corrective actions to remedy the known

harassment and improper sexual acts by

Dufault;

h.    taking steps known or which should have

been known to be ineffectual in

eliminating defendant Dufault's sexual

harassment and improper sexual conduct

13

of students at Columbia;

i.    knowingly permitting Dufault to put her
      hands on the bodies of plaintiff
      UCHACHI IKE and other students, under
      inappropriate circumstances;

j.    failing to conduct a reasonably diligent
      inquiry regarding Dufault's sexually
      harassing conduct so as to end the
      harassment;

k.    failing to make a prompt, thorough and
      impartial inquiry into students' and
      staffs' allegations of inappropriate
      conduct and behavior by Dufault;

l.    failing to take appropriate steps to
      prevent harassment from occurring within
      Columbia;

m.    completely failing to supervise Dufault
      when defendants knew or should have
      known of her inappropriate contact with
      students and inappropriate behavior in
      the classroom;

n.    repeatedly giving "satisfactory" reviews
      to Dufault regarding her interactions
      with students despite having actual or
      constructive knowledge of repeated
      inappropriate conduct and behavior;

14

      o.    failing to promptly report acts of child abuse to the New Jersey Department of Social Services, when there was reasonable cause to do so;

      p.    knowingly failing to establish an atmosphere throughout Columbia in which children will be safe, secure and happy and, in addition, have maximum opportunity to learn;

      q.    failing to have adult to student sexual harassment training for its staff, thus exhibiting deliberate indifference to this condition at Columbia;

      r.    failing to provide appropriate supervision, mentoring, and/or training to Dufault;

      s.    failing to have a zero tolerance policy for sexual harassment in Columbia.

      t.    failure to properly screen Dufault in the hiring process.

52.    As a direct and proximate result of defendants' conduct described herein, plaintiff UCHACHI IKE, as a minor child, suffered permanent embarrassment, permanent humiliation, permanent emotional injuries and was sexually assaulted by Dufault based on his race and gender, and

15

plaintiff has suffered permanent mental anguish, protracted and permanent impairment of emotional health and have incurred and/or will likely incur medical expenses for treatment in the future and professional fees.

53.    The preceding paragraphs are each re-alleged and repeated in each of the following paragraphs, as if fully set forth *verbatim* therein.

<u>CAUSES OF ACTION</u>

<u>FIRST CLAIM</u>

(DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §§ 1983, 1988)

54.    The conduct and actions of Defendant Dufault, acting under color of law, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a wanton and reckless disregard for the natural and probable consequences of her acts. Defendant Dufault subjected plaintiff to sexual harassment, assault and battery, and sexual abuse, all based on his gender as a disabled male student under her care in violation of the rights of plaintiff UCHACHI IKE as guaranteed under 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, and against Titles IX and VI, the New Jersey Law Against Discrimination, and the laws of the State of New Jersey.

55.    As a direct and proximate result of the foregoing, plaintiff UCHACHI IKE was subjected to great physical and emotional pain and humiliation, was otherwise damaged and injured.

16

<u>SECOND CLAIM</u>

(DEPRIVATION OF RIGHTS UNDER TITLE VI and

NEW JERSEY LAW AGAISNT DISRIMINATION)

56. The conduct and actions of the named defendants under color
    of law, were done intentionally, willfully, maliciously, with
    a deliberate indifference and/or with a reckless disregard
    for the natural and probable consequences of their acts, was
    done without lawful justification or reason, and was designed
    to and did cause specific and permanent serious physical and
    permanent emotional pain and suffering in violation of the
    rights of plaintiff Isaiah based on his gender and race as
    guaranteed under Title VI, and the Fourteenth .Amendment to
    the United States Constitution and the New Jersey Law Against
    Discrimination.  Specifically, Dufault discriminated against
    plaintiff Isaiah based on his gender, race, and disability in
    that her acts of sexual assault were only committed upon
    students who were members of those protected classes.  As a
    direct result, plaintiff was denied the benefit of his
    education.

57. As a direct and proximate result of the foregoing, plaintiff
    UCHACHI IKE was subjected to great permanent physical and
    permanent emotional pain and humiliation, was otherwise damaged
    and injured.

<u>THIRD CLAIM</u>

(DEPRIVATION OF RIGHTS UNDER TITLE IX

AND NEW JERSEY LAW AGAINST DISCRIMINATION)

58.    The conduct and actions of the named defendants were done
       intentionally, willfully, maliciously, with a deliberate
       indifference and/or with a reckless disregard for the natural
       and probable consequences of their acts, in violation of
       the rights of plaintiff UCHACHI IKE. Dufault committed
       acts of sexual assault and harassment only against male
       students to include plaintiff. Plaintiff was subjected to
       discriminatory treatment and sexual harassment based on his
       status as a male student at the district high school and
       deprived of his rights as guaranteed under 42 U.S.C. §1983
       and §1988 by depriving him of the federal statutory rights
       secured for him by Title IX, 20 U.S.C. § 1681.

59.    As a direct and proximate result of the foregoing, plaintiff
       UCHACHI IKE was subjected to great physical and emotional
       pain and humiliation, was otherwise damaged and injured.

FOURTH CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

(MONELL CLAIM AGAINST THE BOARD – 42 U.S.C. §1983)

60.    Defendants District and Board, directly caused the
       constitutional violations suffered by Plaintiff UCHACHI
       IKE and are liable for the damages suffered by said
       Plaintiffs as a result of the conduct of Dufault. The conduct
       of Dufault was a direct consequence of customs, policies and
       practices of the named Defendants herein.

61.    At all times relevant to this complaint Defendant District
       and Board and defendant members of the Board had in

18

effect policies, practices, and customs that condoned and
fostered the unconstitutional conduct of Dufault, and
were a direct and proximate cause of the permanent
damages and permanent injuries complained of herein.

62.  At all times relevant to this complaint, Defendant District
and Board had policies, practices, customs, and usages of
encouraging and/or tacitly sanctioning the violation of the
plaintiff's rights.

63.  These policies, practices, customs, and usages were a direct
and proximate cause of the illegal, improper and salacious
conduct alleged herein by Dufault.

64.  It was the policy and/or custom of the defendant District and
Board to inadequately train, supervise and discipline its
teachers, including Dufault, thereby failing to adequately
discourage further constitutional violations by defendant
Dufault.

65.  As a result of the above described policies and customs,
defendant Dufault, believed that her actions would not be
properly monitored by supervisory staff and that misconduct
would not be investigated or sanctioned, but rather would be
tolerated.

66.  The wrongful policies, practices, customs and/or usages
complained of herein, demonstrated a deliberate
indifference on the part of policymakers of the District
and Board to the constitutional rights of the plaintiffs
and other Columbia students and were the direct and

19

proximate cause of the violations of Plaintiffs' rights alleged herein. Furthermore, the District and Board failed to properly supervise and train and hire Dufault and such an failure amounted to a deliberate indifference to the rights of plaintiff as guaranteed by Title IX, Title VI, the United States and State Constitution, and the New Jersey Law Against Discrimination.

FIFTH CLAIM: ASSAULT AND BATTERY (federal and state law)

67.  By the conduct and actions described above, Defendant Dufault inflicted the torts of assault and battery, rape, sexual assault, and endangering the welfare of a minor upon plaintiff.

68.  The acts and conduct of defendant Dufault were the direct and proximate cause of permanent injury and permanent damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

69.  The acts of Defendant Dufault constituted numerous crimes against plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature to plaintiff.

70.  The actions of Defendant Dufault were intentional, reckless, negligent and unwarranted, and without any just cause or provocation, and Defendant Dufault knew, or should have known, that her actions were without the consent of Plaintiff.

20

71.  The permanent injuries sustained by plaintiffs were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

72.  As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, and was otherwise damaged and injured.

SIXTH CLAIM:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.  The conduct and acts of defendants Dufault, as described herein above, were without justification, was extremely outrageous, and utterly intolerable in a civilized community; it was conduct which exceeded all reasonable bounds of decency.

74.  The conduct and acts of defendant Dufault, described above, were intended to and did cause severe permanent emotional distress to Plaintiff.

75.  The conduct of defendant Dufault was the direct and proximate cause of injury and damage to each Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

76.  As a result of the foregoing, Plaintiff was subjected to serious permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

SEVENTH CLAIM:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COMMON LAW CLAIM

77.  The conduct alleged herein of defendant Dufault, was careless

21

and negligent and permanently affected the emotional health of Plaintiff UCHACHI IKE and caused severe permanent emotional distress to Plaintiff.

78. The acts and conduct of defendant Dufault were the direct and proximate cause of permanent injury and permanent damage to each Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

79. As a result of the foregoing, Plaintiff was subjected to serious permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

EIGHTH CLAIM:  NEGLIGENT SUPERVISION, RETENTION AND TRAINING

COMMON LAW CLAIM

80. Defendants District negligently trained, retained, and supervised defendant Dufault. The acts and conduct of defendant Dufault were the direct and proximate cause of permanent injury and permanent damage to each Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

81. As a result of the foregoing, each Plaintiff was subjected to great permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

NINTH CLAIM: DISCRIMINATION BASED ON DISABILITY:

82. Plaintiff was unlawfully discriminated against based on his

22

known disability and status as a black male student and otherwise sexually harassed and abused and deprived of the benefits of his educational opportunities and subjected to disparate treatment in violation of Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. Dufault specifically targeted members of plaintiff's protected class to take advantage of and sexually assault.

83. As a result of the foregoing, each Plaintiff was subjected to great permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

## RELIEF REQUESTED

WHEREFORE, plaintiffs demand judgment against all the defendants on each Count of the within Complaint, jointly and severally, as follows:

a.  Compensatory damages in the amount to be determined by a jury;

b.  Punitive damages against all defendants in an amount to be determined by a jury;

c.  A declaratory judgment that the actions and conduct of the defendants complained of herein are unlawful and illegal and violated plaintiffs' rights under the common law of New Jersey and the Constitution of the United States and New Jersey, Title IX and 42 U.S.C. §§ 1983, 1988;

d.  Permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in

active concert or participation with them who receive actual

notice of the injunction, from engaging in, undertaking or

condoning the continuing actions and conduct of the

defendants complained of herein;

e.   Costs, pre- and post-judgment interest and attorney's fees;

f.   Any other, further or different relief as to the Court is

just and proper.

### DESIGNATION OF TRIAL COUNSEL; JURY DEMAND

Pursuant to R. 4:5-1(c), THOMAS R. ASHLEY, ESQ. is designated

as trial counsel for the plaintiffs before a jury of six in the

above matter.

### CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2), it is hereby stated that the

matter in controversy is not the subject of any other civil action

pending in any other court or of a pending arbitration proceeding

to the best of our knowledge or belief. Also, to the best of our

belief, no other civil action or arbitration proceeding is

contemplated.

/S/ *THOMAS R. ASHLEY*
_____

THOMAS R. ASHLEY, ESQ.

Dated: June 21, 2019